IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER CHAFIN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| VS. | : | |
| | : | NO. 3:15-CV-00100-CAR-CHW |
| **JOHN OR JANE DOES,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

### ORDER

*Pro se* Plaintiff Christopher Chafin filed two complaints under 42 U.S.C. § 1983 but did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. Those cases were ultimately consolidated into the above-captioned proceeding, and the United States Magistrate Judge ordered Plaintiff to submit a proper and complete motion to proceed *in forma pauperis* and to recast his complaint on the Court's standard form. Plaintiff was instructed that if he did not timely and fully comply with the Court's order, his action would be dismissed. Plaintiff was also instructed that if he wished to withdraw his complaint without paying the filing fee, he should file a motion to dismiss the action. Plaintiff was given twenty-one (21) days to respond to the Court's order. Plaintiff was further directed to notify the Court of any change of address. (Order 1-2, Nov. 10, 2015, ECF No. 9.)

Before the expiration of the twenty-one day period, the Magistrate Judge's order was returned to the Court as undeliverable. But Plaintiff, who had been released from jail, visited the Athens clerk's office to obtain copies of the Magistrate Judge's Order as

well as a non-prisoner application to proceed *in forma pauperis*. More than a month after Plaintiff obtained these documents, however, Plaintiff still failed to file a motion to proceed *in forma pauperis*, pay a filing fee, or recast his complaint as ordered. Accordingly, the Magistrate Judge ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders. Plaintiff's response was due within twenty-one (21) days of the date of the order and Plaintiff was again advised that failure to respond would result in dismissal of his pleading. (Order 1-2, Dec. 31, 2015, ECF No. 12.)

The time for compliance has again passed without a response from Plaintiff, and Plaintiff's mail was again returned to the Court as undeliverable. A district court may dismiss an action *sua sponte* for failure to prosecute or failure to obey a court order. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam). Thus, because of Plaintiff's failure to pay the required filing fee, failure to comply with the Court's instructions and orders, and failure to otherwise diligently prosecute this action, his complaint shall be **DISMISSED** and all pending motions shall be **DENIED as moot**. *See* Fed. R. Civ. P. 41. This dismissal is without prejudice.

**SO ORDERED**, this 2nd day of February, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

2